UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

CIVIL ACTION NO. 04 12699RWZ

2005 MAR 22 A 11: 42

U.S. DISTRICT COURT
DISTRICT OF MASS.

**PETITION OF K& R FISHING ENTERPRISES,INC., FOR EXONERATION FROM OR LIMITATION OF LIABILITY, CIVIL AND MARITIME**

**ANSWER AND/OR RESPONSE OF CLAIMANT, LUANN SULLIVAN, AS ADMINISTRATRIX OF THE ESTATE OF GLEN E. CROWLEY, TO THE DEFENDANT, K&R FISHING ENTERPRISE, INC.'S PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

1. The respondent, LuAnn Sullivan, as Administratrix of the Estate of Glen E. Crowley, admits the allegations in paragraph 1, however, specifically denies the allegation that the F/V NORTHERN EDGE at commencement of her voyage aforesaid was tight, strong, fully manned, equipped and supplied and in all respects seaworthy and fit for the service in which she was engaged.

2. The respondent, LuAnn Sullivan, as Administratrix of the Estate of Glen E. Crowley, denies that on December 20, 2004, the F/V NORTHERN EDGE, while fishing and on information and belief, experienced severe weather conditions and fouled its dredge on the sea's bottom causing the vessel to broach and capsize and sink, however, the respondent admits that five of its six crewmembers were presumed lost at sea.

3. The respondent, LuAnn Sullivan, as Administratrix of the Estate of Glen E. Crowley, denies the petitioner's allegations contained in paragraph 3 of the petition.

4. The respondent, LuAnn Sullivan, as Administratrix of the Estate of Glen E. Crowley, denies the allegations contained with paragraph 4 of the petition and specifically refers to and incorporates herein U.S.D.C. Civil Action No. 04-12713-RWZ, *Pedro Furtado vs. K & R Fishing Enterprises, Inc.*

5. The respondent, LuAnn Sullivan, as Administratrix of the Estate of Glen E. Crowley, is without sufficient information at the present time to admit or deny the petitioner's allegation contained in paragraph 5 of the petition.

6. The respondent, LuAnn Sullivan, as Administratrix of the Estate of Glen E. Crowley, admits that the petitioner is attempting to limit its liability, however, the

respondent specifically denies that the petitioner is entitled to limit its liability or be exonerated therefrom.

7. No response is required to the allegation contained within paragraph 7 to the petition, except that the respondent, LuAnn Sullivan, as Administratrix of the Estate of Glen E. Crowley, denies that the petitioner has given sufficient surety as is required by the cited statutes.

8. No response is required to the allegations contained within paragraph 8 of the petition.

WHEREFORE, the respondent, LuAnn Sullivan, as Administratrix of the Estate of Glen E. Crowley prays:

1. That the Court recognize the respondent, LuAnn Sullivan, as Administratrix of the Estate of Glen E. Crowley's claims against the petitioner, K & R Fishing Enterprises, Inc. for injuries and damages sustained by the decedent, Glen E. Crowley and his Estate, including but not limited to conscious pain and suffering, death, income, and other like injuries incurred and suffered by his sister.

2. That the Court find that the Petitioner, K & R Fishing Enterprises, Inc. is not entitled to be Exonerated From or Limited in its Liability for any injury suffered by The respondent, LuAnn Sullivan, as Administratrix of the Estate of Glen E. Crowley, the Estate of Glen E. Crowley, and/or the decedent, Glen E. Crowley.

3. That the Court find that the Petitioner, K & R Fishing Enterprises, Inc. had privity and/or knowledge and/or should have had privity and/or knowledge of the dangerous, defective and/or unseaworthy conditions which existed on the F/V NORTHERN EDGE on or about December 16, 2004 and resulted in injuries, including death, to the respondent, the Estate of Glen E. Crowley and/or the decedent, Glen E. Crowley.

4. That the Court find that the Petitioner, K & R Fishing Enterprises, Inc. has not posted sufficient surety with this court and when the Petitioner does they are to include the true and accurate appraised and assessed value of the F/V NORTHERN EDGE, hull insurance policy and fishing license.

**FIRST AFFIRMATIVE DEFENSE**

The petitioner has failed to state a claim upon which relief may be granted

**SECOND AFFIRMATIVE DEFENSE**

The petitioner is not legally entitled to the requested relief.

**THIRD AFFIRMATIVE DEFENSE**

The petitioner has not meet the conditions precedent to and required by the laws and statutes of the United States of America as they relate to request/petition to Limit Liability, including 46 U.S.C.A. 183(b)

**FOURTH AFFIRMATIVE DEFENSE**

The petitioner is not entitled to the requested relief insomuch as they have admitted to being the Respondent's employer a the time of the accident, and, therefore, cannot make a claim of lack of privity or knowledge as to the conditions aboard the vessel.

The Respondent,
LuAnn Sullivan, as Administratrix of the
Estate of Glen E. Crowley
By her attorneys,

Thomas J. Hunt, Esq.
Thomas J. Hunt & Associates
BBO# 244680
18 North Water Street
New Bedford, MA 02740
(508) 994-7300
(508) 984-0755 Facsimile

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail - ~~hand~~ on 3-22-05